UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-cv-61184-Lenard/O'Sullivan

YOUNG LEE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

GREENSPOON MARDER, P.A.,
a Florida Professional Association, and
LARRY CORMAN, individually,

    Defendants.
_____/

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on Plaintiff Young Lee's ("Plaintiff") and Defendants Greenspoon Marder, P.A.'s and Larry Corman's (collectively "Defendants") Joint Motion for Preliminary Approval of Class Settlement.

IT IS HEREBY ORDERED:

.    The Court finds that the proposed Settlement Agreement ("Agreement") (Exhibit A to the parties' Joint Motion for Preliminary Approval) is reasonable, fair, and adequate and grants preliminary approval to it.

2.    For the purposes of settlement, the Court certifies a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) defined as:

> (i) the 145 persons with addresses in the State of Florida (ii) to whom Greenspoon Marder, P.A. sent a letter signed by Larry Corman (iii) containing the bolded language (the third paragraph) contained in Exhibit A (attached to the First Amended Class Action Complaint) (iv) which was not returned undeliverable (v) incurred for personal, family, or household purposes (vi) during the period of time one year prior to the filing of the First Amended Complaint through August 31, 2011.

Defendants state that based on their records there are 145 people in the Class.

3.    Plaintiff Young Lee is appointed as class representative. Scott D. Owens and Craig M. Shapiro are appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

4. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it will be held before this Court on <u>March 5, 2012 at 10:00 a.m</u>.

5. Within seven days of this Order, Defendants shall provide Class Counsel with a list of the 145 class members' names and addresses in Microsoft Excel format.

6. The Court approves the proposed form of notice to the class (as attached to this Order), which shall be directed to the last known address of the class members as shown on Defendants' records, as updated by a National Change of Address update by First Class, Inc. Plaintiff will arrange for First Class, Inc. to mail the notice to class members on or before <u>December 26, 2011</u> and, upon this Court's entry of an Order Granting Final Approval of Class Settlement, for payments to be distributed pursuant to the Agreement to those class members defined above in paragraph 2.

7. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

8. Any class members who desire to opt out or exclude him- or herself from the settlement must mail a request for exclusion to Class Counsel by <u>January 25, 2012</u>.

9. Class members shall have until <u>January 25, 2012</u> to enter an appearance or object to the proposed settlement. Any class members who wish to object to the settlement must submit an objection in writing to both the court and Class Counsel via mail postmarked by <u>January 25, 2012</u>. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement.

DATE: 11/29/11          ENTER: _____
                        The Honorable John J. O'Sullivan
                        United States Magistrate Judge

**Lee v. Greenspoon Marder, P.A., et al.,**
S.D.Fla., 10-cv-61184

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

*THIS IS NOT AN ATTEMPT TO COLLECT MONEY FROM YOU. THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*

*YOU MAY RECEIVE MONEY AS A RESULT OF THIS SETTLEMENT.*

*PLEASE READ THIS NOTICE CAREFULLY.*

To:     (i) the 145 persons with addresses in the State of Florida (ii) to whom Greenspoon Marder, P.A. sent a letter signed by Larry Corman (iii) containing the **bolded language** (the third paragraph) contained in Exhibit A (attached to the First Amended Class Action Complaint) (iv) which was not returned undeliverable (v) incurred for personal, family, or household purposes (vi) during the period of time one year prior to the filing of the First Amended Complaint through August 31, 2011.

## WHY YOU ARE BEING SENT THIS NOTICE

Magistrate Judge John J. O'Sullivan of the United States District Court for the Southern District of Florida, has granted preliminary approval of a class action settlement agreement in the above-entitled action, subject to a hearing on the fairness of the settlement which will take place on March 5, 2012, at 10:00 a.m. on the Fifth Floor of the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Miami, Florida.

**You are being sent this notice because you were identified as a member of the class defined above.** This notice explains the nature of the lawsuit, the terms of the settlement, describes how you may benefit from the settlement and informs you of your legal rights, options, and obligations.

## WHAT THIS LAWSUIT IS ABOUT

This lawsuit contends that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that Defendant sent form collection letters to the class members that did not comply with the Fair Debt Collection Practices Act.

## NO ADMISSION OF LIABILITY BY DEFENDANT

Defendants categorically deny the allegations in the lawsuit. By settling this lawsuit, Defendants are not admitting that they have done anything wrong, but are settling the lawsuit to avoid further litigation costs.

## THE PROPOSED SETTLEMENT

Plaintiff and Defendants have agreed to the settlement described below.

**Class Recovery, Attorney's Fees and Relief to Plaintiff.** Defendant agrees to pay a total of $12,425.79 plus class counsel's reasonable attorney fees and costs to settle the claims of the plaintiff and the class. The $12,425.79 will be distributed as follows (1) each of the class members who does not opt out will receive a pro rata share of $9,425.79, (2) Plaintiff will receive $3,000.00, (3) Plaintiff's counsel will petition the Court for reimbursement of costs and attorneys fees, which have been expended out of pocket by Plaintiff's counsel without guarantee of reimbursement, in the amount of $46,188.00, and (4) the remaining undistributed amounts, *e.g.*, checks that are not timely cashed, will be paid to the National Consumer Law Center as a *cy pres* award for use in consumer representation, education, or advocacy. If no class members object or opt out, each class member will likely receive approximately $65.00.

**Costs.** Defendant will pay all the costs associated with class notice and administration of the class.

**Release.** Unless you exclude yourself from the settlement, you will be part of the class. By staying in the class, all of the Court's orders will apply to you, and you give Defendants a "release." A release means you can't sue or be part of any other lawsuit against Greenspoon Marder, P.A. or its employees, or Larry Corman, about the claims or issues in this lawsuit ever again.

**Payment.** Following the Court's Final Approval of Class Settlement, each class member that does not opt out of, or object to, the settlement will be sent their *pro rata* share of $9,425.79.

## SEE REVERSE SIDE FOR MORE IMPORTANT INFORMATION

## WHO REPRESENTS THE CLASS?

The following attorneys represent Plaintiff and all the members of the class described above ("Class Counsel"):

Scott D. Owens
Law Office of Scott D. Owens, Esq.
664 E Hallandale Beach Blvd
Hallandale, Florida 33009
(954) 589-0588

Craig M. Shapiro
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
(312) 780-7364

## THE FAIRNESS HEARING

A hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. **The hearing will take place before Judge O'Sullivan on March 5, 2012, at 10:00 a.m. on the Fifth Floor of the C. Clyde Atkins**

United States Courthouse, 301 North Miami Avenue, Miami, Florida. **YOU DO NOT HAVE TO ATTEND THIS HEARING TO RECEIVE YOUR SHARE OF THE RECOVERY.**

## YOUR OPTIONS

1. You have the right to exclude yourself from both the class action and the settlement. **The written request for exclusion must be postmarked on or before January 25, 2012, and mailed to Class Counsel, whose addresses appear above. The request for exclusion must refer to your name, address, and the name and number of this case.**

2. **If you wish to receive a settlement check, you do not need to do anything.** You will continue to be represented by Class Counsel without additional charge.

3. If you prefer, you may enter your own appearance or ask the Court to allow you to participate in the settlement through your own attorney. If you wish to participate on your own or through your own attorney, an appearance must be filed with the Court by January 25, 2012. If you participate through your own attorney, it will be at your expense.

4. **If you object to the settlement, and wish to submit an objection, you must submit your objection in writing to the Clerk of the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. You must also mail a copy to Class Counsel, whose address appears above.** The objection must be postmarked on or before January 25, 2012, must refer to the name and number of the case, must include your name and address, and must include a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class. **If you do file an objection, you must appear at the hearing before Judge O'Sullivan on March 5, 2012 at 10:00 a.m.** Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved and appear in person on March 5, 2012 as described above.

5. If you do nothing, you will remain a member of the class, all of the Court's orders will apply to you, and you give Defendant a "release" as described on the reverse side of this notice.

If you choose to exclude yourself from the class action and settlement you will not receive payment under this agreement. You will retain your right to bring your own lawsuit against Defendant. If successful, you may recover an amount greater or less than the recovery for a class member.

If the settlement is not approved, the case will proceed as if no settlement had been attempted. There can be no assurance that if the settlement is not approved, the class will recover more than is provided in the settlement or, indeed, anything.

## AVAILABILITY OF FILED PLEADINGS

The above description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should visit the office of the Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

## INQUIRIES

Any questions you or your attorney have concerning this notice should be directed in writing to Class Counsel at their addresses listed above or at the following email address:

LeeGreenspoonSettlement@KeoghLaw.com

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**