UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-cv-61184- O'Sullivan
[CONSENT]

YOUNG LEE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

GREENSPOON MARDER, P.A.,
a Florida Professional Association, and
LARRY CORMAN, individually,

    Defendants.

_____

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT

On November 29, 2011, this Court preliminarily approved the Class Settlement Agreement ("Agreement") and certified a class for purposes of settlement. Docket # 79 ("DE __"). The Agreement contemplates damages to Plaintiff and the class members, payment of the costs of class administration, reasonable litigation costs, and reasonable attorney fees. The Court is informed that actual notice was sent by First Class, Inc., the third-party class administrator, via first-class mail to one hundred forty-four (144) class members. Forty-one (41) notices were returned by the United States Postal Service with no forwarding address; five (5) notices were returned by the United States Postal Service with a forwarding address and remailed by First Class, Inc. First Class, Inc. received no objections, nor requests for exclusions. Counsel for both sides received none as well. Of the 144 class members, 103 class members remain to receive their *pro rata* share of the class fund.

On March 5, 2012, the Court held a fairness hearing to which Class members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

1. The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

2. The Court finds that the settlement is fair and reasonable, and hereby approves the Accepted Offer of Judgment.

3. Defendant shall pay to each Class member who did not opt out, object to exclude him- or herself from the settlement and who can be located, a check in the amount of $91.51, representing their *pro rata* share of the $9,425.79 Class Fund, void forty-five (45) days after issuance. Within thirty (30) days of this Order, Defendant shall provide First Class, Inc. with a check in the amount of $9,425.79, representing the Class Fund, for *pro rata* distribution to each class member as described immediately above. Class member checks shall be mailed within sixty (60) days of this Order. Plaintiff's counsel will administer the *cy pres* award, which will be sent to the National Consumer Law Center.

4. Within thirty (30) days of this Order, Defendant shall provide Plaintiff's counsel Scott D. Owens with a check in the amount of $3,000.00 for payment of Plaintiff's statutory damages ($1,000.00) and recognition of his services as the class representative ($2,000.00).

5. Pursuant to the Agreement, Plaintiff is deemed the prevailing and successful party solely for purposes of an award of costs and attorney fees. The Court has applied and considered the factors listed in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)[1] and finds that the fee in the instant case is reasonable. Within thirty (30) days of this Order, Defendant shall provide Plaintiff's counsel Scott D. Owens with a check in the amount of $46,188.00 (costs of $1,773 plus attorney fees of $44,415.00).

---

[1] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

6. Defendant shall pay the costs of class administration directly to the administrator at least five days in advance of the services necessitating any such costs. Plaintiff's counsel shall be responsible for directing the class administrator.

7. The Court finds the Agreement to be fair, adequate, and reasonable, and made in good faith.

8. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and of this Order. Upon the performance of all terms of this Order, including the administration of the *cy pres* award after the checks are void, the parties shall file a stipulation advising this Court that all terms have been performed, requesting dismissal of the case with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida this **5th** day of March, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE